OPINION
{¶ 1} Defendant-appellant, Sherman Pritt, Jr., appeals from a Columbiana County Common Pleas Court judgment denying his motion to suppress drugs, cash, and a handgun seized from his home.
 {¶ 2} On June 30, 2005, a Columbiana County grand jury indicted appellant on one count of drug possession for possession of marijuana, a fifth-degree felony in violation of R.C. 2925.11(A), and one count of drug possession for possession of cocaine, a third-degree felony in violation of R.C. 2925.11(A). Additionally, both counts carried with them firearm and forfeiture specifications.
 {¶ 3} Appellant filed a motion to suppress evidence obtained as a result of a search pursuant to a warrant at his home. The trial court held a hearing on appellant's suppression motion on November 10, 2005. The court's judgment entry reflects that at the hearing, it received (1) the affidavit for search warrant, (2) the search warrant, (3) the return of search warrant, and (4) judgment entry of April 24, 2005 (relating to the search warrant). The court stated that it admitted these exhibits collectively as State's Exhibit No. 1. The court noted that the transcript of proceedings of the search warrant had not been prepared and, therefore, granted counsel leave to file the transcript with the court along with any supplemental memorandums. The court then stated,"[t]he Court finds upon investigation that there exists no record fromwhich to prepare a transcript. But Counsel may have leave to file anymemorandum * * *." (Emphasis sic.) Thus, the record before the trial court included only State's Exhibit No. 1.
 {¶ 4} The court later issued a judgment entry denying appellant's suppression motion. The court stated that it reviewed the parties' memoranda "and all documents surrounding the search warrant at issue."
 {¶ 5} Appellant subsequently withdrew his previous not guilty pleas and entered no contest pleas to the charges and specifications stated in the indictment. The court found appellant guilty of all charges. The trial court later sentenced appellant to nine months on the possession of marijuana count, two years on the possession of cocaine count, and one year on each of the two firearm specifications. *Page 2 
The court ordered the sentences on the possession counts to be served concurrently with each other. It ordered the sentences on the firearm specifications to be served concurrently with each other and consecutively to the sentences for possession for a total of three years in prison.
 {¶ 6} Appellant filed a timely notice of appeal on May 19, 2006.
 {¶ 7} Appellant raises a single assignment of error, which states:
 {¶ 8} "THE LOWER COURT ERRED BY OVERRULING THE DEFENDANT'S MOTION TO SUPPRESS THE FRUITS OF THE IMPROPER SEIZURE."
 {¶ 9} Appellant argues that the trial court should have suppressed evidence obtained as a result of the execution of the search warrant because the affidavit in support of the warrant did not demonstrate probable cause to believe there were illegal drugs in appellant's possession or in his home.
 {¶ 10} R.C. 2933.22(A) provides, "[a] warrant of search or seizure shall issue only upon probable cause, supported by oath or affirmation particularly describing the place to be searched and the property and things to be seized."
 {¶ 11} Furthermore, R.C. 2933.23 states, in part:
 {¶ 12} "A search warrant shall not be issued until there is filed with the judge or magistrate an affidavit that particularly describes the place to be searched, names or describes the person to be searched, and names or describes the property to be searched for and seized; that states substantially the offense in relation to the property and that the affiant believes and has good cause to believe that the property is concealed at the place or on the person; and that states the facts upon which the affiant's belief is based. * * * If the judge or magistrate is satisfied that grounds for the issuance of the warrant exist or that there is probable cause to believe that they exist, he shall issue the warrant, identifying in it the property and naming or describing the person or place to be searched." See also Crim. R. 41(C).
 {¶ 13} When determining whether an affidavit submitted in support of a search warrant contains sufficient probable cause, the judge or magistrate is to make "a *Page 3 
practical, common-sense decision" whether, given all the circumstances set forth in the affidavit, including the "veracity" and "basis of knowledge" of the persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. State v. George (1989), 45 Ohio St.3d 325,544 N.E.2d 640, at paragraph one of the syllabus (Illinois v. Gates [1983], 462 U.S. 213, 238-239, 103 S.Ct. 2317, 76 L.Ed.2d 527 followed.)
 {¶ 14} When reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant, neither the trial court nor the appellate court should substitute its judgment for the magistrate's judgment. Id. at paragraph two of the syllabus. Instead, "the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." Id. Reviewing courts should accord great deference to the magistrate's probable cause determination, and doubtful or marginal cases should be resolved in favor of upholding the warrant. Id.
 {¶ 15} Appellant first contends that the majority of the information in the affidavit was stale. He asserts that the information in the affidavit spans a period of almost two years. Furthermore, appellant contends that the affidavit references several separate occurrences that do not establish a pattern of conduct or an ongoing investigation that would justify granting a warrant based on old information.
 {¶ 16} An affidavit in support of a search warrant must present timely information and include facts so closely related to the time of issuing the warrant as to justify a finding of probable cause at that time.State v. Hollis (1991), 98 Ohio App.3d 549, 554, 649 N.E.2d 11, citingState v. Jones (1991), 72 Ohio App.3d 522, 526, 595 N.E.2d 485. "`While there is no arbitrary time limit on how old information can be, the alleged facts must justify the conclusion that the subject contraband is probably on the person or premises to be searched.'" Id., quotingJones, 72 Ohio App.3d at 526. If a substantial period of time has passed between the commission of the crime and the search, the affidavit must contain facts that would lead the magistrate to believe that the evidence or contraband are still on the premises before *Page 4 
the magistrate may issue a warrant. State v. Yanowitz (1980),67 Ohio App.2d 141, 147, 426 N.E.2d 190. In determining whether the information contained in the affidavit is stale, courts should consider such factors as (1) the character of the crime; (2) the criminal; (2) the thing to be seized, as in whether it is perishable and easily transferable or of enduring utility to its holder; (4) the place to be searched; and (5) whether the information in the affidavit relates to a single isolated incident or protracted ongoing criminal activity. State v. Prater, 12th Dist. No. CA2001-12-114, 2002-Ohio-4487, at ¶ 13.
 {¶ 17} In this case the affidavit contained information spanning from August 2004 to April 23, 2005. Detective Troy Walker executed the search warrant on April 24, 2005. Thus, the information in the affidavit did not span a two-year period as appellant alleges. The oldest information was eight-months old.
 {¶ 18} The affidavit included the following statements: (1) in August 2004, Walker received information that appellant was dealing cocaine from his residence; (2) on December 9, 2004, Walker observed firearms in appellant's house; (3) on April 4, 2005, a confidential informant (CI) told Walker that appellant was dealing cocaine from his residence and that two baseball-sized bags of cocaine were located in appellant's grandfather clock; (4) on April 23, 2005, Walked observed at least 12 vehicles go to appellant's residence and leave after a short time, consistent with drug activity; and (5) on April 23, 2005, after a vehicle was seen leaving appellant's residence it was stopped by police and three, gallon-size baggies of marijuana were found in the trunk.
 {¶ 19} Even if the information from August and December 2004 was stale and the issuing judge chose to disregard it, there is sufficient information from April 2005 to support the issuance of the warrant. Just 20 days before Walker executed the warrant, he received information from a CI that appellant was dealing drugs from his home and had two baseball-sized bags of cocaine hidden in his grandfather clock. Merely one day before requesting and executing the warrant, Walker observed at least 12 visitors go to appellant's home, stay for a short time and then leave, which *Page 5 
Walker stated is consistent with drug activity. On that same day, an Oldsmobile Alero was stopped by St. Clair Township Police. The same car was earlier observed leaving appellant's residence. The officer noticed a strong smell of marijuana and asked the driver, Kevin Viney, if there was marijuana in the car. Viney became nervous and fled his vehicle. Police eventually caught up with him. A search of Viney's car turned up three, gallon-sized baggies of marijuana, two full and one half full, in the trunk.
 {¶ 20} Based on this information, there was sufficient evidence to support the issuance of the warrant. The issuing judge could have reasonably concluded that probable cause existed that drugs would be found in appellant's house based on the information from April 2005 alone.
 {¶ 21} Next, appellant argues that the affidavit failed to provide any indicia of reliability of the hearsay statements it contained.
 {¶ 22} Appellant takes issue with three statements in the affidavit. The first statement reads: "In [sic] April 4, 2005 the affiant received information from a confidential informant that Sherman Pritt was dealing in cocaine from the residence. The informant stated that there was [sic] two baseball sized bags of cocaine located in the bottom of the grandfather clock in the living room." Appellant argues that this information must be disregarded because Walker failed to give any proof of the CI's veracity or the underlying circumstances upon which the CI based his conclusions.
 {¶ 23} Second, appellant takes issue with the statement: "Upon the interview of the female juvenile she stated that Mr. Viney went to the residence on Houston Road [appellant's house] and got into the truck [sic] of the car and then went into the house for approximately 5 minutes." Appellant argues that this statement given by an unnamed juvenile must be disregarded for the same reasons as that of the CI.
 {¶ 24} Finally, appellant takes issue with the statement: "In August of 2004 the affiant received information the [sic] Sherman Pritt was dealing cocaine from his residence at 48444 Houston Road East Liverpool, Ohio." Appellant argues that a bare statement of fact without any proof of its veracity must likewise be disregarded. *Page 6 
 {¶ 25} "With regard to hearsay information in an application for a search warrant, Ohio courts have consistently found that hearsay information is relevant to the determination of probable cause. The basis of knowledge and the veracity of the person supplying the hearsay information are circumstances that must be considered in determining the value of the information and whether probable cause exists. Further, the fact that the affiant's knowledge may be the result of even multiple levels of hearsay `will not per se invalidate a judge's determination of probable cause.'" (Internal citations omitted.) State v. Moore, 12th Dist. No. CA2005-08-366, 2006-Ohio-4556, at ¶ 13.
 {¶ 26} The officer providing the affidavit for a search warrant may rely on hearsay information if the officer reasonably believes the information to be true. State v. Newell, 2d Dist. No. 21567,2006-Ohio-5980, at ¶ 27. The ultimate question is whether the totality of the facts and circumstances presented to the issuing judge are sufficient to support a determination that probable cause exists. Id.
 {¶ 27} Here the totality of the facts and circumstances are sufficient to support a probable cause determination. In addition to the above quoted statements, Walker also relied on his personal observations of frequent, short-term visitors to appellant's house. And Walker relied on his personal observation of firearms in appellant's house. Additionally, Walker relied on the St. Clair Township officer's statements regarding his apprehension of Viney and the large amount of marijuana that was found in Viney's car. And Walker had observed Viney's car leave appellant's residence just prior to the stop by St. Clair Police. When we take this information, coupled with the statements that appellant finds fault with, and view all facts and circumstances together as we are required to do, we conclude that probable cause existed for the judge to issue the search warrant.
 {¶ 28} Accordingly, appellant's sole assignment of error is without merit.
 {¶ 29} For the reasons stated above, the trial court's judgment is hereby *Page 7 
affirmed.
 Vukovich, J., concurs. DeGenaro, P.J., concurs. *Page 1