**Charles ARMSTRONG, Petitioner-Appellant,**

v.

**E. B. HASKINS, Superintendent, London Correctional Institution, Respondent-Appellee.**

**No. 16667.**

United States Court of Appeals
Sixth Circuit.

July 20, 1966.

L. Clifford Craig, Cincinnati, Ohio (Court-appointed), for appellant.

Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio (William B. Saxbe, Atty. Gen., Columbus, Ohio, on the brief), for appellee.

Before WEICK, Chief Judge, PHILLIPS, Circuit Judge, and MATHES, Senior District Judge.*

PER CURIAM.

This is an appeal from an order of the District Court dismissing without a hearing appellant's application for a writ of habeas corpus.

In June, 1942, Armstrong pleaded guilty to assault with intent to commit rape and was sentenced by the Common Pleas Court of Miami County, Ohio to imprisonment in the Ohio Penitentiary for a period of from one to fifteen years. He was paroled on August 6, 1947, declared a parole violator on September 11, 1947, and returned to the Ohio Penitentiary on April 13, 1948. In 1950 appellant was again paroled and on June 9, 1951 he was declared a parole violator when Ohio discovered that he had been sentenced to serve eighteen months to

---

* Honorable William C. Mathes, Senior District Judge, United States District Court for the Southern District of California.

five years' imprisonment in the State prison of Southern Michigan for gross indecency. Ohio forwarded a detainer warrant to the Michigan prison. Armstrong was released from the Michigan prison in 1955, but the Ohio authorities were not notified of his release. Six months later he was again imprisoned in the Michigan penitentiary for another offense. He was released from the Michigan prison in 1959.

In 1960, under another name, appellant was sentenced to the United States Penitentiary at Leavenworth, Kansas, on a federal charge. When the Ohio authorities learned that appellant was in federal custody they sent a detainer warrant to the federal prison and upon his release he waived extradition and was returned to the Ohio Penitentiary to complete his 1942 sentence.

Armstrong now contends that the Ohio authorities knew or in the exercise of ordinary care should have known of his whereabouts; that Ohio neglected unreasonably to execute the detainer warrant and therefore lost jurisdiction over him. He relies on Greene v. Michigan Department of Corrections, 315 F.2d 546 (6th Cir. 1963) and other authorities.

Armstrong filed a habeas corpus action in the Supreme Court of Ohio in which he relied on grounds other than his present contentions. The writ was denied after hearing by the Supreme Court in an opinion reported in Armstrong v. Haskins, 176 Ohio S. 422, 200 N.E.2d 311 (1964). The hearing before the Supreme Court of Ohio did not involve the issues presented before us.

Since the Ohio Courts have not been given an opportunity to pass upon the issues involved in the present proceeding, we decline to do so. Ohio has provided new post conviction remedies to which appellant may resort. R.C. §§ 2953.21–2953.24. These remedies must be exhausted before resorting to the Federal Courts. Kimbro v. Bomar, 333 F.2d 755, 758 (6th Cir. 1964).

The appeal is therefore dismissed.