John E. COYNE, Petitioner,

v.

Donald WATSON, Sheriff, Clermont County, Ohio, Respondent.

No. 6294.

United States District Court
S. D. Ohio, W. D.

Jan. 19, 1967.

---

7. Matthews v. Allstate Ins. Co., 194 F.Supp. 459, 463 (E.D.Va.1961).

Bernard J. Gilday, Jr., Cincinnati, Ohio, for petitioner.

Robert A. Jones, Pros. Atty., Clermont County, Batavia, Ohio, for respondent.

## MEMORANDUM OPINION AND JUDGMENT

HOGAN, District Judge.

The petitioner, John E. Coyne, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. His claim is that a conviction and sentence in and by the Common Pleas Court of Clermont County, Ohio, pursuant to which he is being detained, was "imposed in violation of the Fourth Amendment of the United States Constitution and the Due Process Clause of the Fourteenth Amendment of the United States Constitution in that petitioner's place of business was searched by police officers under color of a totally invalid and unlawful search warrant, property being unlawfully taken therefrom and illegally and unlawfully admitted in evidence upon trial" by said court.

The case was heard on an "agreed statement of facts" which has been supplemented in certain respects by each party, without objection by the other party, with exhibits appended to briefs.

The facts are as follows:

On August 16, 1965 an affidavit was filed before a magistrate in Clermont County, Ohio, and on that date a search warrant was issued. There is appended hereto a copy of the affidavit and the warrant. On August 17, 1965, during the daytime, the officer, Arthur Guard, entered the premises described in the affidavit and found a machine gun in a house trailer then used by the petitioner as his office. The weapon was confiscated by the officer. On August 27, 1965, petitioner filed with the County Court of Clermont County, Ohio, his written motion to quash the search warrant; that motion was overruled by that Court in September, 1965. Thereafter in December, petitioner was indicted by the Grand Jury of Clermont County, Ohio, for a violation of the machine gun section (2923.04) of the Revised Code of Ohio. Prior to his arraignment, petitioner filed with the Common Pleas Court his written motion to suppress the evidence seized under the search warrant, which was overruled. That motion was orally renewed at the commencement of petitioner's trial; it was again overruled. On trial, petitioner was adjudged guilty. The machine gun was introduced in evidence at trial over his objection and obviously substantially contributed to his conviction. The conviction was appealed to the Court of Appeals for the First Appellate District of Ohio. In that Court the sufficiency of the affidavit and the validity of the search warrant were again attacked—again unsuccessfully. The petitioner thereupon filed a motion to certify to the Supreme Court of Ohio. The same attacks were made in that

Court in that motion. The Supreme Court of Ohio on October 26, 1966, sua sponte dismissed that appeal for the reasons that no substantial constitutional question exists.

■ The parties in this Court have stipulated that during each stage and phase of the state court proceedings, petitioner raised and argued the issue of infringement of his constitutional rights and "the invalidity of the affidavit for search warrant"—the record so shows, for all practical purposes. While the rationale of the attack differed at various stages of the state court proceeding, we are satisfied that the ultimate questions involved have been presented to and passed on by each of the state courts, including the court of last resort. Although the Ohio post-conviction procedure (§ 2953.21 et seq., Ohio Revised Code) became effective after the submission of Coleman v. Maxwell, Warden, 351 F.2d 285 (6th, 1965), the reasoning of that case is applicable to the present situation; the asserted Federal Constitution violations have been presented to each of the Ohio state courts and any repetition would be futile. It is held, therefore, that the petitioner has exhausted his state remedies.

See also Armstrong v. Haskins, 363 F.2d 429 (6th, 1966), and Kirkland v. Maxwell, 369 F.2d 687 (6th, 1966).

The affidavit is and has been claimed as insufficient in several respects, (a) there is nothing in the affidavit to indicate that the informers were "reliable" or "credible" people; (b) there is an insufficiency in respect of the time relative to August 16, 1965, that the eye witnesses informed the Deputy Sheriff of the facts as set forth in the search warrant.

■■ It is true that language may be found in Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697; Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; Aquilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, and United States

v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684, which, at first blush, would almost seem to require the use of the verbiage "credible" or "reliable" in connection with the "informers" in affidavits for search warrants based on hearsay, as distinguished from the personal knowledge of the affiant. The affidavit involved in this case does not use either of those adjectives on its face. However, the reason which might require the use of such an adjective or the equivalent is the basic or underlying requirement of something in the affidavit to indicate a "substantial basis for crediting the hearsay." In our view the requirement of "substantial basis" is better met—or at least equivalently met—with the description of the informer or informers as "eye witnesses." This certainly indicates a *strong* reason for the officer's belief based upon which the magistrate may conclude that probable cause exists. We are strengthened in this conclusion by United States v. Bowling, 351 F.2d 236 (6th, 1965). In that case, decided since *Ventresca*, a search warrant was attacked as "defective because issued without basis of fact and as a fishing expedition or flier." The affidavit in the *Bowling* case, insofar as relevant to the problem here, contained this:

"That affiant's reason for stating the laws are being violated are that affiant was informed on this date by W. A. Hennard, who is in custody, that the following stolen articles are in possession of * * * etc."

Judge Edwards, writing the opinion for the Sixth Circuit, concluded "the affidavit on its face recited ample reason for the magistrate to issue the warrant."

■ With respect to the deficiency in "time," it must be conceded that the affidavit must contain something affirmatively indicating that there is probable cause at or about the time the search warrant is applied for. If it be on personal knowledge, there should be some indication of the officer's personal knowledge *now*; or if it be based on hearsay, there should be some indication that the

information was imparted to the affiant at or shortly before the time of the application and that the information indicated probable cause *now*, not five or six days or months ago. See Rosencranz v. United States, 356 F.2d 310 (1st Cir. 1966). Were it not for that portion of the affidavit involved here which dealt with a "night search" we would have no hesitancy in holding the search warrant invalid for the reason stated in the *Rosencranz* case. However, the affidavit before us indicates that, based on the information which was received from the two eye witnesses, the officer concluded "that there is urgent necessity that said premises be searched in the night, to prevent said things from being concealed or removed so as not to be found." In our view, this affidavit therefore contains language which shows on its face that the information received by the officer was recently contemporaneous and was to the effect that the machine gun was "now" in the possession of Coyne on the described premises. Compare United States v. Williams, 351 F.2d 475 (6th, 1965) in which the Sixth Circuit in an opinion written by Judge Peck, held that the inclusion of the word "ready" in an affidavit reciting that a person "kept a ready supply of heroin on hand in his apartment" caused the allegation to be one of "continuing possession," satisfying the requirement that the allegations of a warrant apply to conditions existing "at the time of the issuance of the warrant."

We do not mean to imply that no "doubt" could exist in this question. The state evidently thought a doubt existed— at one of the hearings involving the question before the Common Pleas Court of Clermont County, the State saw fit to supplement the record with an affidavit from the magistrate reciting that "the affiant further says that at the time he received the affidavit for search warrant from the Deputy Sheriff, additional information was given to him as County Court Judge, which information consisted of the statement of Deputy Sheriff Arthur Guard, that 'witnesses told him, Arthur Guard, that they saw John E. Coyne in the possession of a machine gun on his premises at the intersection of Twelve Mile Road and State Route 132.'" It is, however, our conclusion that the affidavit for the search warrant was sufficient on its face. The "circumstances" were detailed, i. e., the possession by Coyne on certain described premises of a machine gun, the possession of which was forbidden by the applicable laws of the State of Ohio. "Reason for crediting the source of the information is given"—eye witnesses are referred to as such just for that reason—and the plural rather than the singular is certainly an additional reason. This Court sees no magic as between "one reliable witness" and "two eye witnesses." The "magistrate * * found probable cause"—his action in issuing the warrant indicates such and there is further indication in this record that the magistrate examined the proceedings and did not simply "rubber stamp." While the request was for a night warrant, the magistrate decided to issue only a "day warrant." Finally and to continue the quotation from *Ventresca*,

"The courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a common sense manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." (United States v. Ventresca, 380 U.S. 102, at page 109, 85 S.Ct. 741, at page 746).

The petitioner is now in the technical custody of the Sheriff of Clermont County, Ohio. He is presently at liberty on bond, pending determination of this matter.

It is concluded that the petitioner's prayer for writ of habeas corpus should be denied.

SEARCH WARRANT

Rev. Code, Secs. 2933.21 to .25

(Filed Clermont County Court, August 16, 1965.)

Clermont County Court, Southern District.

The State of Ohio, Clermont County, ss.   Batavia, Ohio

To Sheriff's Office Constable of _____ Township, Greeting:

WHEREAS, there has been filed with me an affidavit, of which the following is a copy:

Clermont County Court, Southern District.

The State of Ohio, _____ County, ss: _____ Ohio

Before me, Charles W. Jackson, Judge of said County Court, personally came Arthur Guard, Dep. Sheriff, who being duly sworn according to law, deposes and says that on or about the 16th day of August 1965, at the County of Clermont, one J. C. Coyne has in his possession, one machine gun in violation of 2923.04 R.C. things of the value of $100.00 Dollars, to-wit: One machine gun also known as a "grease gun" knowing the same to have been in violation of section 2923.04 and that said complainant believes, and has good cause to believe, that such things are concealed on or about his premises, the junk yard located near the intersection of 12 mile rd and S.R. #132 in buildings, old cars and junked trucks, situated thereon, in the Twp. of Ohio in said County.

The facts upon which such belief is based are: two eye witnesses informed dep. sheriff Arthur Guard and, further that there is urgent necessity that said premises be searched in the night, to prevent said things from being concealed or removed so as not to be found.

Said affiant further says that, on or about the said day J. C. Coyne did conceal said things, or some part thereof, at the place aforesaid in said County, then and there well knowing the same to have been violation of state law R.C. 2923.04 as aforesaid.

/s/  ARTHUR E. GUARD

Sworn to and subscribed before me, this 16th day of August 1965.

/s/  CHARLES W. JACKSON
County Court Judge

These are, therefore, to command you in the name of the State of Ohio, with the necessary and proper assistance, to enter in the day time into said premises in the Twp. of Ohio in the County aforesaid, and there diligently search for the said things, to-wit: one machine gun and that you bring the same, or any part thereof, found on such search, and also the body of J. C. Coyne, forthwith before me, or some other judge or magistrate of the county having cognizance thereof, to be disposed of and dealt with according to law.

Given under my hand this 16th day of August 1965.

/s/  CHARLES W. JACKSON
County Court Judge