**UNITED STATES of America**
v.
**Steven Wayne ROBERTS.**
**Crim. No. 12900.**

United States District Court,
E. D. Tennessee, S. D.

Nov. 19, 1971.

John L. Bowers, U. S. Atty., George Garrett, Asst. U. S. Atty., Chattanooga, Tenn., for plaintiff.

William M. Barker, Chattanooga, Tenn., for defendant.

## MEMORANDUM AND ORDER

FRANK W. WILSON, Chief Judge.

This case is before the Court upon the defendant's motion to suppress evidence, the evidence sought to be suppressed being non tax paid whiskey seized as a result of a search of the defendant's automobile upon August 25, 1971. An evidentiary hearing was held upon the motion at which the following facts were made to appear beyond a reasonable doubt.

At approximately 11:30 P.M. on August 24, 1971, two government agents were advised by a person identified in the record only as an "informer" that upon the following evening, between 7:00 P.M. and 8:00 P.M., a 1969 or 1970 Plymouth Barracuda automobile driven by the defendant and bearing Tennessee License # 49–E–623 would be travelling south on Highway 150 between Tracy City, Tennessee and Jasper, Tennessee, and would be hauling a large quantity of non tax paid whiskey. The information given by the informer was based at least in part upon personal knowledge and not merely upon repeating matters that he

had been told by others. One of the government agents had known the informer for an unspecified period of time and had received information from him upon at least three previous occasions, which information proved reliable and which had led to convictions in two criminal cases earlier in the year.

Acting upon the assumption that they did not have sufficient probable cause to obtain a search warrant, the government agents set up a surveillance upon Highway 150 at approximately 4:00 P.M. upon August 25, 1971. At sometime between 7:00 and 8:00 P.M. an automobile fitting the description given by the informer was sighted travelling south on Highway 150. The agents set up a partial road block and the automobile, which was being driven by the defendant, came to a stop. One of the agents asked the defendant to get out of the automobile, which he did. At this point the other agent came around the rear of the defendant's automobile. As he did so, he smelled an odor of whiskey coming from the area of the trunk. Both government agents also noticed that a spare tire was lying in plain view in the rear seat of the automobile. One of the agents then got the keys from the ignition of the defendant's automobile and opened the trunk where he found 50 gallons of non tax paid whiskey in one-gallon plastic jugs. The defendant was then searched for weapons and placed under arrest.

■ Upon the basis of the foregoing record the Court is of the opinion that the search was a valid search and that the motion to suppress should accordingly be denied. It is first contended on behalf of the defendant that insufficient probable cause existed to permit a search. The Court is of the opinion that the information given by the informant, when confirmed by the appearance of the described automobile at the time and place suggested, was sufficient probable cause to render the search reasonable and valid. Furthermore, when there is added to this information the observations of the officers after the vehicle

stopped and before the search was made, including the smelling of whiskey and the observation of the tire in the rear seat, probable cause for suspecting contraband and making a search clearly existed.

■■ It is next contended on behalf of the defendant that adequate time and opportunity and adequate information existed for obtaining a search warrant so as to render a warrantless search invalid under the facts here presented. While it does appear that adequate time and opportunity existed for obtaining a search warrant following the interview with the informant, and prior to the search of the vehicle, it is apparent that adequate information did not exist prior to the sighting and stopping of the defendant's automobile to permit the issuance of a search warrant. Although adequate information did exist regarding the reliability of the informant and the credibility of his information to satisfy the tests in this regard as established in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), there was no evidence prior to the appearance of the defendant's automobile upon the highway of an offense having been committed. It is well settled that a further requirement for the issuance of a search warrant is that the facts submitted by affidavit in the application for the warrant be sufficient to justify the conclusion that the property which is the object of the search is probably on the person or premises to be searched at the time the warrant is issued. As stated in Durham v. United States, 403 F.2d 190 (9th Cir., 1968): "The facts submitted to the Commissioner must be sufficient to justify a conclusion by him that the property which is the object of the search is probably on the person or premises to be searched at the time the warrant is issued."

■ A search warrant will not issue upon an affidavit reciting only the anticipation of a future offense. Rather, the allegations of a search warrant ap-

ply to conditions existing "at the time of the issuance of the warrant." Coyne v. Watson, 282 F.Supp. 235 (S.D.Ohio, 1967), affirmed 392 F.2d 585 (6th Cir., 1968). See also 47 Am.Jur., "Searches and Seizures" § 26.

The Court is accordingly of the opinion that the search and seizure here involved was reasonable and valid under the rules established in the case of Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925) and the line of cases subsequent thereto. The motion to suppress evidence will be denied.

It is so ordered.