[Cite as *State v. Willard*, 2013-Ohio-3001.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99184**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CHRISTOPHER WILLARD

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-555833

**BEFORE:** Celebrezze, P.J., Kilbane, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** July 11, 2013

**ATTORNEY FOR APPELLANT**

Susan J. Moran
55 Public Square
Suite 1616
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Brett Kyker
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

**{¶1}** Defendant-appellant, Christopher Willard, appeals from the judgment of the trial court denying his motion to suppress evidence seized from his residence. After careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Factual and Procedural History

**{¶2}** On March 11, 2011, Detective Brian Berardi of the Lakewood Police Department, prepared an affidavit in support of a search warrant for appellant's residence in Lakewood, Ohio. Specifically, Detective Berardi averred that he had probable cause to believe that evidence of criminal activity committed in violation of R.C. Chapter 2907 would be recovered from the "computer storage devices" located inside appellant's residence. In his affidavit, Detective Berardi set forth the following facts as the basis for such belief:

> Detective Berardi, an 18-year veteran of the Lakewood Police Department, has received training from the Ohio Peace Officer Training Academy, including specialized training in computer evidence based searches and internet predator investigations.

> Detective Berardi averred that on February 22, 2011, Charles Willard arrived at the Lakewood Police Department with his three minor sons to make a police report against his brother, appellant. Charles Willard alleged that appellant showed his three sons — ages 16, 13, and 9 — pornographic material on July 23, 2010 while the boys were spending the night at appellant's residence.

> Detective Berardi averred that the Lakewood Police Department obtained written statements from each of the boys describing the pornography shown

to them by appellant on a computer within appellant's residence. The written statements contained identifying information for each child, including their name, date of birth, address, and phone number.

{¶3} Detective Berardi's affidavit detailed the statements provided by the boys. According to his affidavit, nine-year-old A.W. stated that on the night in question, he was using one of appellant's computers when he heard appellant summon M.V. over to another computer. A.W. stated that when he looked at the computer appellant was showing M.V., he observed several nude males. On seeing the images, he said "that's gross" and ran away. Z.W., who was 13 at the time, stated that on the night in question, appellant showed him and his brothers images and websites depicting men and women engaging in oral sex and vaginal intercourse. In doing so, appellant instructed him and his brothers not to tell their parents about what he was showing them.

{¶4} M.V., who was 16 at the time, stated that on the night in question, appellant called him and Z.W. over to his computer and asked if they had ever watched pornography. When the boys stated that they had not, appellant showed them video images of a man and a woman engaging in oral sex and two nude men kissing.

{¶5} Detective Berardi further averred that he ran a criminal records check on appellant, which revealed a prior conviction for pandering obscenities involving a minor.

{¶6} After careful review of Detective Berardi's affidavit, a Cuyahoga County Court of Common Pleas judge issued a search warrant authorizing the Lakewood Police Department to search appellant's residence and all "electronic storage devices" located therein. Detective Berardi executed the search warrant on March 14, 2011, and seized,

among other things, a number of computers and computer storage devices. The evidence was later examined by members of the Internet Crimes Against Children Task Force, who discovered child pornography files on the computer devices.

{¶7} Based on the evidence seized pursuant to the search warrants, appellant was indicted on the following 21 counts:

> Count 1, disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(1), a felony of the fourth degree, with forfeiture specifications;
>
> Count 2, disseminating matter harmful to a juvenile in violation of R.C. 2907.31(A)(1), a felony of the fifth degree;
>
> Counts 3, 4, 5, 6, 7, and 8, pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(1), felonies of the second degree;
>
> Counts 9, 10, and 11, minor in nude material or performance in violation of R.C. 2907.323, felonies of the second degree;
>
> Counts 12, 13, and 14, pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(5), felonies of the third degree;
>
> Counts 15, 16, 17, 18, 19, and 20, minor in nude material or performance in violation of R.C. 2907.323(A)(3), felonies of the fourth degree; and
> Count 21, possession of criminal tools in violation of R.C. 2923.24, a felony of the fifth degree.

{¶8} Appellant initially pled not guilty to each count contained in the indictment. On March 28, 2012, appellant filed a motion to suppress the evidence seized from his residence. On July 24, 2012, the trial court held a suppression hearing to address the arguments raised by appellant in his motion. At the suppression hearing, the state presented the testimony of Detective Berardi and Investigator Jason Howell of the Ohio Internet Crimes Against Children Task Force. At the conclusion of the hearing, the trial

court denied appellant's motion to suppress. Thereafter, appellant pled no contest to all 21 counts contained in the indictment. The trial court found him guilty of all counts and sentenced him to five years of community control sanctions.

{¶9} Appellant now brings this timely appeal, raising two assignments of error for review:

> I. The trial court erred as a matter of law in overruling appellant's motion to suppress where the search warrant was invalid because the affidavit upon which the search warrant was based contained stale information and lacked evidence of ongoing criminal activity, therefore failing to establish probable cause that evidence of criminal activity would be found at the site of search.

> II. The trial court erred in violation of appellant's right to due process pursuant to the Fourteenth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution when the trial court abused its discretion in denying appellant's motion to suppress.

## II. Law and Analysis

### A. Probable Cause

{¶10} In his first assignment of error, appellant argues that the trial court erred as a matter of law in denying his motion to suppress. Specifically, appellant contends that Detective Berardi's affidavit "failed to establish probable cause that evidence of criminal activity would be found at the site of the search."

{¶11} The Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, provides that

> [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Article I, Section 14 of the Ohio Constitution contains a nearly identical provision. *See also* R.C. 2933.22(A).

{¶12} "A neutral and detached judge or magistrate may issue a search warrant only upon a finding of probable cause." *State v. Young*, 146 Ohio App.3d 245, 254, 2001-Ohio-4284, 765 N.E.2d 938 (11th Dist.), citing *United States v. Leon*, 468 U.S. 897, 914-915, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). *See also* Crim.R. 41(C). In determining whether a search warrant is supported by probable cause, the issuing judge is confined to the averments contained in the supporting affidavit. *State v. Yanowitz*, 67 Ohio App.2d 141, 144, 426 N.E.2d 190 (8th Dist.1980). The affidavit must "name or describe the person to be searched or particularly describe the place to be searched, name or describe the property to be searched for and seized, state substantially the offense in relation thereto, and state the factual basis for the affiant's belief that such property is there located." Crim.R. 41(C); *see also* R.C. 2933.23.

{¶13} In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant, the duty of the reviewing court is to determine whether the issuing judge or magistrate had a substantial basis to conclude that probable cause existed. *State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640 (1989), paragraph two of the syllabus, following *Illinois v. Gates*, 462 U.S. 213, 238-239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). "[T]he issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found

in a particular place." *Id.* at paragraph two of the syllabus. Neither a trial court nor an appellate court should substitute its judgment for that of the issuing judge or magistrate by conducting a de novo review. *Id.* at 238-239.

{¶14} In challenging the probable cause supporting the search warrant, appellant submits that the information contained in Detective Berardi's affidavit was so stale that it was unreasonable for the issuing judge to believe that there was a fair probability that evidence of a crime would be found in appellant's residence. In support of his argument, appellant notes that almost eight months had elapsed between the date he allegedly showed the children pornography, July 24, 2010, and the date the search warrant was issued, March 11, 2011.

{¶15} In addressing the issue of "staleness," we note that an affidavit in support of a search warrant must present timely information and include facts so closely related to the time of issuing the warrant as to justify a finding of probable cause at that time. *State v. Hollis*, 98 Ohio App.3d 549, 554, 649 N.E.2d 11 (11th Dist.1994), citing *State v. Jones*, 72 Ohio App.3d 522, 526, 595 N.E.2d 485 (6th Dist.1991). "'Whether the proof meets this test must be determined by the circumstances of each case.'" *Id.*, quoting *Coyne v. Watson*, 282 F.Supp. 235, 237 (S.D.Ohio 1967). There is no arbitrary time limit that dictates when information becomes stale. *Id.* The test for staleness is whether the alleged facts justify the conclusion that contraband is probably on the person or premises to be searched at the time the warrant is issued. *State v. Prater*, 12th Dist. No. CA2001-12-114, 2002-Ohio-4487, ¶ 12, citing *State v. Floyd*, 2d Dist. No. 1389, 1996

Ohio App. LEXIS 1152 (Mar. 29, 1996). If a substantial period of time has elapsed between the commission of the crime and the search, the affidavit must contain facts that would lead the judge to believe that the evidence or contraband are still on the premises before the judge may issue a warrant. *Yanowitz* at 147.

{¶16} The question of staleness is not measured solely by counting the days between the events listed in the affidavit and the application for the warrant. *Id*. "The likelihood that the evidence sought is still in place is a function not simply of 'watch and calendar but of variables that do not punch a clock.'" *Id*. Ohio courts have identified a number of factors to consider in determining whether the information contained in an affidavit is stale, including the character of the crime; the criminal; the thing to be seized, as in whether it is perishable; the place to be searched; and whether the affidavit relates to a single isolated incident or ongoing criminal activity. *Prater* at ¶ 13.

{¶17} With regard to the nature of the offenses present in the case at hand, Ohio courts have recognized that the continuing nature of sexual offenses involving minors often justifies a finding of probable cause where the information supplied in an affidavit identifies conduct that occurred several months prior to the warrant's issuance. *See State v. Van Voorhis*, 3d Dist. No. 8-07-23, 2008-Ohio-3224, ¶ 81; *State v. Rogers*, 12th Dist. No. CA2006-03-055, 2007-Ohio-1890, ¶ 43; *State v. Thompson*, 110 Ohio Misc.2d 139, 145-146, 745 N.E.2d 1159 (C.P.2000).

{¶18} Similarly, federal courts addressing challenges to search warrants in child pornography cases, particularly those involving images stored on a computer, typically

employ a staleness analysis sensitive to technology and to the particular criminal activity at issue. *See United States v. Miller*, 450 F.Supp.2d 1321, 1335 (M.D.Fla.2006). "[T]raditional concepts of staleness that might apply to the issuance of search warrants * * * do not mechanically apply to situations, as here, where the object of the search is for images of child pornography stored on a computer." *Id.*

{¶19} Considering the totality of the circumstances in this matter, we believe the information described in Detective Berardi's supporting affidavit provided a substantial basis from which the issuing judge could conclude that there was probable cause to believe that appellant's residence would contain evidence of criminal activity committed in violation of R.C. Chapter 2907.

{¶20} We recognize that approximately eight months had passed between the time appellant allegedly showed the minor children pornography and the date the warrant was executed. Moreover, we note that although child pornography was ultimately discovered in appellant's residence, Detective Berardi's application for the search warrant was not based on allegations that appellant unlawfully possessed child pornography. Rather, Detective Berardi's affidavit and application for the search warrant were premised on allegations that appellant had unlawfully shown his minor nephews images of adults performing sexual acts.

{¶21} Nevertheless, we find the staleness analysis sensitive to technology, as set forth in cases involving child pornography, to be highly relevant to the case at hand, particularly given the similar nature of the evidence at issue in those cases. As in cases

involving child pornography, the nature of the items sought in the present case involved pornographic images stored on a computer device. Due to their digital nature, pornographic images are not perishable items and may be stored on computers or computer-related items for long periods of time within the offenders' home. *See State v. Marler*, 2d Dist. No. 2007 CA 8, 2009-Ohio-2423, ¶ 41 (noting images of pornography have a particularly enduring quality because the "images can be stored indefinitely in the hard drive of an individual's computer"); *State v. Hale*, 2d Dist. No. 23582, 2010-Ohio-2389, ¶ 40 ("pornographic images may be stored on computers or computer-related items for long periods of time").

**{¶22}** Accordingly, we find that, due to the nature of the evidence believed to be in appellant's residence, it was reasonable for the trial court to conclude that, given all the circumstances set forth in Detective Berardi's affidavit, there was a fair probability that contraband or evidence of a crime was present in appellant's residence at the time the warrant was issued.

**{¶23}** Appellant's first assignment of error is overruled.

### B. Trial Court's Statements

**{¶24}** In his second assignment of error, appellant argues that the trial court abused its discretion in denying his motion to suppress. In challenging the discretion of the court, appellant contends that the trial court based its judgment "upon feelings of decorum and deference to other jurists, rather than upon the facts and law." Appellant bases his argument on the trial court's statement that it is "never going to be inclined to overturn a

valid search warrant that's been signed by a jurist in this court, because we are all required to review the affidavits submitted."

{¶25} On review of the record in its entirety, we find no merit to appellant's argument. The record reflects that the trial court complied with the appropriate standard of review as set forth by the United States Supreme Court and properly limited its review to a determination of whether the magistrate had a substantial basis for concluding that probable cause existed. Accordingly, we find no error in the trial court's brief statements concerning the certain level of deference given to the issuing court where, as here, the trial court sufficiently reviews the four corners of the affidavit in compliance with *State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640 (1989), paragraph two of the syllabus, and determines that the search warrant was supported by sufficient probable cause.

{¶26} Appellant's second assignment of error is overruled.

### III. Conclusion

{¶27} The warrant to search appellant's residence was supported by sufficient probable cause. As such, the trial court properly denied appellant's motion to suppress.

{¶28} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
TIM McCORMACK, J., CONCUR