The STATE of Ohio, Appellant,

v.

JONES, Appellee.

The STATE of Ohio, Appellant,

v.

JONES, Appellee.

[Cite as *State v. Jones* (1991), 72 Ohio App.3d 522.]

Court of Appeals of Ohio,
Erie County.

Nos. E–89–67, E–89–68.

Decided Feb. 15, 1991.

*Kevin J. Baxter*, Prosecuting Attorney, and *Robert M. Moore*, for appellant. *Geoffrey L. Oglesby*, for appellee Diane Jones.

*Per Curiam.*

These companion cases are before us on appeal from a judgment of the Erie County Court of Common Pleas in which the trial court granted the motions to suppress of defendants, Alvin and Diane Jones.

The pertinent facts of these cases are as follows. On January 6, 1989, officers of the Sandusky Police Department executed a search warrant which authorized them to search the person of Diane Jones in the premises known as 904 Perry Street, Sandusky, Ohio, for cocaine, and/or the fruits, instrumentalities or evidence of the crime of possession and/or distribution of cocaine. Pursuant to that search, the officers seized a two gram scale, one straw and a mirror with residue, two pieces of folded paper with residue, six photographs depicting people using cocaine, two additional straws and two razors with residue, and one burnt marijuana cigarette.

On April 11, 1989, appellees, Alvin and Diane Jones, were each indicted on one count of drug abuse in violation of R.C. 2925.11. Alvin was indicted in case No. 89–CR–111 and Diane was indicted in case No. 89–CR–112. On June 28, 1989, appellees each filed a motion to suppress all the evidence obtained in the search of their home. A hearing on the motions to suppress was held on August 8, 1989. At the end of the hearing, however, the state moved to continue the August 9 trial date until after the grand jury met on August 10 and 11. The state wanted to add additional charges to the indictments.

Because the state had already been granted one continuance, the trial court denied the motion. The state then moved to dismiss both cases without prejudice, which motion the trial court granted.

On August 16, 1989, Alvin and Diane Jones were reindicted in case Nos. 89–CR–282 and 89–CR–283 respectively. Both were charged with drug abuse in violation of R.C. 2925.11 and possession of criminal tools in violation of R.C. 2923.24. In addition, both indictments contained a specification, Alvin's for a prior conviction of a felony drug abuse, and Diane's for a prior conviction of carrying a concealed weapon.

Subsequently, the records in case Nos. 89–CR–111 and 89–CR–282 (Alvin's cases) were consolidated, as were the records in case Nos. 89–CR–112 and 89–CR–283 (Diane's cases), by stipulation of the parties. The Joneses' motions to suppress were refiled.

On January 19, 1990, the trial court granted the Joneses' motions to suppress. It is from that order that the state filed timely notices of appeal, asserting the following identical assignments of error:

"Assignment of Error No. 1: The motion to suppress the evidence should be denied because the affidavit for the search warrant was based on probable cause.

"Assignment of Error No. 2: The evidence obtained by the execution of the search warrant is admissible at trial under the good faith exception to the exclusionary rule."

In its first assignment of error, the state contends that because the search warrant was based on the probable cause affidavit of a police officer, which set forth a substantial basis for the magistrate to conclude from the totality of the circumstances that probable cause existed, the trial court erred in granting the Joneses' motions to suppress.

Crim.R. 41(C) sets forth the standard for issuing search warrants, and provides in part:

"A warrant shall issue under this rule only on an affidavit or affidavits sworn to before a judge of a court of record and establishing the grounds for issuing the warrant. The affidavit shall name or describe the person to be searched or particularly describe the place to be searched, name or describe the property to be searched for and seized, state substantially the offense in relation thereto, and state the factual basis for the affiant's belief that such property is there located. If the judge is satisfied that probable cause for the search exists, he shall issue a warrant identifying the property and naming or describing the person or place to be searched. The finding of probable cause may be based upon hearsay in whole or in part, provided there is a substantial

basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished.  \* \* \* "

Moreover, an issuing judge's duty is:

" ' \* \* \* to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.' " *State v. George* (1989), 45 Ohio St.3d 325, 544 N.E.2d 640, paragraph one of the syllabus, quoting *Illinois v. Gates* (1983), 462 U.S. 213, 238–239, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548.

As a reviewing court, our task, as was that of the trial court, " \* \* \* is to ensure, through a conscientious review of the affidavit, that the issuing magistrate had a 'substantial basis' for concluding that probable cause existed to search." *State v. Bean* (1983), 13 Ohio App.3d 69, 71, 13 OBR 83, 85, 468 N.E.2d 146, 149; see, also, *Illinois v. Gates, supra.*

The search warrant in the present case was issued and executed on January 6, 1989.  That warrant was issued pursuant to the affidavit of Detective Charles Sams of the Sandusky Police Department.  Included in the affidavit was the following statement of "Facts Tending To Establish Probable Cause" [1]:

"On 10–8–88 ofc. Jarrett of the Sandusky Police Dept observed Marvin Cunningham making several trips from 904 Perry St to the radio inn [*sic*]. Officers had information from a source that Cunningham was transporting cocaine back and forth.  It should be noted that Cunningham was convicted of Drug Abuse and placed on probation on 12–18–87.

"On 10–12–88 Capt Muehling, Lt Onan, and Det Sams were working with a [*sic*] informant to purchase cocaine from a subject at the corner of Hancock and Neil St.  Officers had information that Marvin Cunningham, had been seen at 904 Perry St.  Cunningham is known to officers as being involved in drugs.  While in route to Hancock St, officers went by 904 Perryst [*sic*] and observed a pinkish camaro # 642MHX which was found to belong to Diane Jones, parked in the driveway at 904 Perry St.  Officers then went to Hancock St and ran surveillance on the informant.  The informant was wired and the conversation was heard.  The informant was attempting to make a buy from a subject, Curt Lofties.  Lofties advised he had to contact his source to get the cocaine.  After several attempts he was heard to tell the source to meet him at the corner.  A few minutes later the camaro pinkish [*sic*] was observed to

---

1. These facts have been rearranged in chronological order.

show up at that corner. The camaro appeared to be the same one that was parked at 904 Perry St was observed to have come westbound on Neil St from the area of Perry St.

"On 12–24–88 Capt Muehling ran registrations of vehicles parked at 904 Perry St. Registration 016HAP was found to come back to Loretta Young and 68ORUV came back to Willie Young. These vehicles are known to be driven by Dwayne Young who is under investigation by this department for Drug Violations.

"On 1–4–89 Capt Muehling of the Sandusky Police Dept received information from a citizen that Diane Jones was dealing cocaine from her home at 904 Perry St."

The state asserts that these allegations establish the requisite probable cause. We disagree.

It is a basic, fundamental principle of the law of search and seizure that an affidavit for a search warrant must present timely information.

" * * * [I]t is manifest that the proof must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time. Whether the proof meets this test must be determined by the circumstances of each case." *Sgro v. United States* (1932), 287 U.S. 206, 210, 53 S.Ct. 138, 140, 77 L.Ed. 260, 263.

While there is no arbitrary time limit on how old information can be, the alleged facts must justify the conclusion that the subject contraband is probably on the person or premises to be searched. *State v. Yanowitz* (1980), 67 Ohio App.2d 141, 147, 21 O.O.3d 445, 449, 426 N.E.2d 190, 193. The allegations in the affidavit did not present timely information. They span a time period of approximately three months, and state four separate occurrences which the affiant believed tied Diane Jones to the asserted drug activity. They do not, however, establish a pattern of conduct or indicate an ongoing investigation that would justify granting a warrant to search based on old information. Furthermore, the allegation of January 4, 1989, that a citizen said Diane Jones was dealing cocaine from her home, does not specify when Diane was allegedly dealing cocaine.

In *State v. Bean, supra,* this court held that in assessing the legal sufficiency of a challenged affidavit for a search warrant the reviewing court may draw reasonable, common-sense inferences from the allegations contained therein, but such inferences may be drawn only from the facts actually set forth in the affidavit. None of the allegations in the affidavit set forth *facts* which tie Diane Jones to the alleged drug activity.

On October 8, 1988, the officers received information from "a source" that Marvin Cunningham was transporting cocaine from the Joneses' home to the Radio Inn. Then, on January 4, 1989, Captain Muehling received information from "a citizen" that Diane Jones was dealing cocaine from her home. Nowhere in the affidavit does the affiant establish a substantial basis for the judge to believe the source of the hearsay to be credible as required by Crim.R. 41(C). There is no statement that anyone actually saw Diane Jones possess or sell cocaine or that cocaine was likely to be found in her home if searched.

Further, the allegations of October 12, 1988, fail to establish that the judge had a substantial basis for finding probable cause to search. Although a car similar to the pink Camaro parked at 904 Perry Street appeared after Curt Lofties contacted his source, there is no allegation that the informant ever succeeded in purchasing the cocaine, that the license number on the pink Camaro was identical to that in the Joneses' driveway, or that either Alvin or Diane Jones was driving the car.

Accordingly, the affidavit is nothing more than a "bare-bones" statement totally void of facts which would tie Diane Jones to the alleged drug activity. Therefore, the trial court did not err in granting the Joneses' motions to suppress, and the state's first assignment of error is not well taken.

In its second assignment of error the state contends that even if the search warrant was improperly granted, the evidence should not have been suppressed because the officers who executed it acted in good faith reliance on its validity.

The "good faith" exception to the exclusionary rule was first recognized by the United States Supreme Court in *United States v. Leon* (1984), 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677, which held that:

" * * * the marginal or nonexistent benefits produced by suppressing evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant cannot justify the substantial costs of exclusion. We do not suggest, however, that exclusion is always inappropriate in cases where an officer has obtained a warrant and abided by its terms." *Id.* at 922, 104 S.Ct. at 3420, 82 L.Ed.2d at 698.

Because the exclusionary rule exists to deter willful or flagrant violations of constitutional rights by police officers, the good faith exception will work to defeat suppression of the evidence only where the officer had reasonable grounds to believe that the warrant was properly issued. The court in *Leon* identified several circumstances where an officer's reliance on the warrant would not be reasonable:

"Suppression therefore remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth. *Franks v. Delaware,* 438 U.S. 154 [98 S.Ct. 2674, 57 L.Ed.2d 667] (1978). The exception we recognize today will also not apply in cases where the issuing magistrate wholly abandoned his judicial role in the manner condemned in *Lo–Ji Sales, Inc. v. New York,* 442 U.S. 319 [99 S.Ct. 2319, 60 L.Ed.2d 920] (1979); in such circumstances, no reasonably well trained officer should rely on the warrant. *Nor would an officer manifest objective good faith in relying on a warrant based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'* Brown v. Illinois, 422 U.S. [590] at 610–611 [95 S.Ct. 2254, 2265, 45 L.Ed.2d 416, 431 (1975) (POWELL, J., concurring in part); see *Illinois v. Gates, supra,* [462 U.S.] at 263–264 [103 S.Ct. at 2346, 76 L.Ed.2d at 565] (WHITE, J., concurring in judgment). Finally, depending on the circumstances of the particular case, a warrant may be so facially deficient— *i.e.,* in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid. Cf. *Massachusetts v. Sheppard, post,* [468 U.S. 981] at 988–991 [104 S.Ct. 3424, 3427–3429, 82 L.Ed.2d 737, 743–745 (1984) ]." *Id.,* 468 U.S. at 923, 104 S.Ct. at 3421, 82 L.Ed.2d at 699. (Emphasis added.)

The test for the application of the good faith exception to the exclusionary rule has become, under *Leon,* " * * * whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *Id.* at 922–923, 104 S.Ct. at 3420, 82 L.Ed.2d at 698, fn. 23.

■ As stated above, the affidavit presented to the judge was totally void of *facts* which would tie Diane Jones to the alleged drug activity. As such, it was so lacking in indicia of probable cause that the officer's reliance on the warrant was not reasonable. We therefore conclude that the good faith exception to the exclusionary rule was not applicable in this action below, and the trial court did not err in granting the Joneses' motions to suppress.

Accordingly, the state's second assignment of error is found not well taken.

On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.

*Judgment affirmed.*

GLASSER and MELVIN L. RESNICK, JJ., concur.

ABOOD, J., concurs in judgment only.