OPINION
{¶ 1} Plaintiff-appellant, the state of Ohio, appeals the decision of the Warren County Common Pleas Court granting a motion to suppress evidence.
 {¶ 2} Defendant-appellee, Rodney R. Prater, was charged with two counts of possession of drugs and two counts of trafficking in drugs. Appellee filed a motion to suppress the evidence seized from his house because of alleged defects in the original search warrant obtained by police.
 {¶ 3} The original search warrant authorized the search of appellee's house for evidence of trafficking. Once inside the residence, the police found contraband and sought and obtained a second search warrant. The trial court found that the first search warrant "was not issued upon probable cause or in good faith" and suppressed all the evidence seized from both search warrants. The state appeals the trial court's decision to suppress the evidence.
 {¶ 4} In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, the task of the issuing judge or magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.State v. George (1989), 45 Ohio St.3d 325, paragraph one of syllabus,Illinois v. Gates (1983), 462 U.S. 213, 103 S.Ct. 2317, followed.
 {¶ 5} Neither a trial court nor an appellate court should substitute its judgment for that of the issuing judge or magistrate by conducting a de novo determination as to whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant. The duty of a reviewing court is simply to ensure that the issuing judge had a substantial basis for concluding that probable cause existed. Trial and appellate courts should accord great deference to the issuing judge's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant.George, paragraph two of syllabus.
 {¶ 6} Appellee argued in his motion to suppress, and the trial court agreed, that the search warrant was defective because it contained hearsay upon hearsay.
 {¶ 7} The basis of knowledge and the veracity of the person supplying the hearsay information are circumstances that must be considered in determining the value of the information and whether probable cause exists. George, 45 Ohio St.3d at 329. The fact that the information provided is double hearsay is relevant to its value in determining probable cause, but hearsay testimony will not per se invalidate a judge's determination of probable cause. State v. Taylor
(1992), 82 Ohio App.3d 434, 442. The fact that the affiant's knowledge may be the result of double or multiple levels of hearsay does not, per se, invalidate the resulting search warrant. State v. Jones (Sept. 18, 1985), Hamilton App. No. C-840767, citing United States v. Jenkins
(C.A.6, 1975), 525 F.2d 819.
 {¶ 8} Much of the information provided to the affiant came from a confidential informant's discussions and drug transactions with appellee's son. During those encounters, appellee's son indicated to the confidential informant that he was receiving the drugs he was selling from appellee. Later, appellee's son indicated to the confidential informant and the affiant during a drug buy that he was taking his father the drugs that he, the son, possessed.
 {¶ 9} The judge issuing the search warrant found that there was a substantial basis for believing the source of the hearsay to be credible and for believing that there was a factual basis for the information furnished. See Crim.R. 41(C). We see no reason to substitute our judgment for that of the judge who issued the search warrant.
 {¶ 10} Appellee also asserted that the search warrant lacked probable cause because the information in the affidavit for the search warrant was stale, the last incident occurring some six months before the search warrant was obtained.
 {¶ 11} It is a basic, fundamental principle of the law of search and seizure that an affidavit for a search warrant must present timely information. State v. Jones (1991), 72 Ohio App.3d 522, 525, citing Sgrov. United States (1932), 287 U.S. 206, 53 S.Ct. 138. The proof must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time. Jones,72 Ohio App.3d at 525. Whether the proof meets this test must be determined by the circumstances of each case. Id.
 {¶ 12} No arbitrary time limit dictates when information becomes stale. State v. Hollis (1994), 98 Ohio App.3d 549, 554. The test is whether the alleged facts justify the conclusion that certain contraband remains on the premises to be searched. State v. Floyd
(Mar. 29, 1996), Darke App. No. 139787.
 {¶ 13} Although information may age, under some circumstances probable cause may remain. Id. The likelihood that the evidence sought is still in place is a function not simply of "watch and calendar but of variables that do not punch a clock," including the character of the crime, the criminal, the thing to be seized, as in whether perishable and easily transferable or of enduring utility to its holder, or of the place to be searched. Floyd, citing Andresen v. State (Md.App. 1975),331 A.2d 78, 106. Variables to consider include how perishable the item to be seized is and whether the information in the affidavit relates to a single isolated incident or a protracted ongoing criminal activity.Floyd.
 {¶ 14} Viewing the totality of the circumstances, we believe the information in the affidavit for the search warrant properly provided a reasonable basis for believing evidence of trafficking would be found at appellee's residence, despite the passage of time. Accordingly, the trial court erred in determining that the search warrant lacked probable cause.
 {¶ 15} Contrary to the trial court's finding, the state further argues that the evidence should not be suppressed because the officers executing the warrant relied on the validity of the search warrant in good faith. The Fourth Amendment exclusionary rule should not be applied to bar the use in the state's case-in-chief of evidence obtained by officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral judge that is ultimately found to be unsupported by probable cause. State v. George, 45 Ohio St.3d at paragraph three of syllabus, United States v. Leon (1984), 468 U.S. 897,104 S.Ct. 3405, followed.
 {¶ 16} Suppression remains an appropriate remedy where: (1) the judge was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth, (2) the issuing judge wholly abandoned his judicial role, (3) an officer purports to rely upon a warrant based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable, or (4) depending on the circumstances of the particular case, a warrant may be so facially deficient by failing to particularize the place to be searched or the things to be seized that the executing officers cannot reasonably presume it to be valid. George at 331.
 {¶ 17} We disagree with the trial court's legal conclusions that the affiant misled the issuing judge or that the affidavit for the search warrant so lacked indicia of probable cause to render the officer's belief entirely unreasonable. Accordingly, the good faith exception ofLeon would be applicable in this case.
 {¶ 18} We sustain the state's assignment of error and reverse the decision of the trial court granting appellee's motion to suppress. This case is remanded to the trial court for proceedings consistent with this opinion.
Judgment reversed and remanded.
POWELL, P.J., and YOUNG, J., concur.