OPINION
{¶ 1} Defendants-appellants, Angela J. Shaw and James A. Jendrusik, appeal from Belmont County Eastern Division Court decisions overruling their motions to suppress evidence found at their apartment upon execution of a search warrant.
 {¶ 2} A confidential informant (CI) informed Shadyside Police Officer Charles Doty that drug activity had been taking place in the Village of Shadyside. Consequently, on March 9, 2005, Officer Doty and Officer Daniel Napolitano conducted a controlled marijuana buy at the Tiger Pub Tavern in Shadyside. Officer Doty waited outside as Officer Napolitano and the CI met with John Loeffler and Jendrusik inside the tavern. Officer Doty then witnessed Loeffler and Jendrusik exit the tavern and walk to the apartment Jendrusik shared with Shaw. Approximately fifteen minutes later, Loeffler and Jendrusik returned to the tavern and Loeffler slipped a baggie into the CI's pocket containing one-eighth of an ounce of marijuana. The CI then paid Jendrusik to complete the transaction.
 {¶ 3} On April 21, 2005, 43 days after the controlled buy, Officer Napolitano filed an affidavit to obtain a search warrant. The affidavit summarized the controlled marijuana buy. The court issued the search warrant. Later that day, several officers executed the warrant by searching appellants' apartment. During the search, the officers found one-half of a marijuana joint, marijuana seeds and stems, and drug paraphernalia.
 {¶ 4} On April 22, 2005, Officer Napolitano filed complaints charging appellants with child endangering, a first-degree misdemeanor in violation of R.C. 2919.22(A); drug possession, a minor misdemeanor in violation of R.C. 2925.11(A); and possession of drug paraphernalia, a fourth-degree misdemeanor in violation of R.C. 2925.14(C)(1). Appellants entered not guilty pleas with respect to all three charges.
 {¶ 5} On July 19, 2005, appellants filed motions to suppress the evidence and dismiss the actions. The trial court held a hearing on the motions and subsequently overruled them. Appellants later withdrew their not guilty pleas and entered no contest pleas, reserving all issues for appeal.
 {¶ 6} On January 12, 2006, the trial court found both appellants guilty as charged. The court sentenced both appellants as follows. On the child endangering charge, the court sentenced both appellants to ten days in jail, suspended; a $150 fine, plus costs; and unsupervised probation for one year. On the drug possession charge, the court fined both appellants $100 and suspended their driver's licenses for six months. And on the possession of drug paraphernalia charge, the court sentenced both appellants to three days in jail, suspended; a $100 fine; one year of unsupervised probation; and a six months' driver's license suspension. On February 13, 2006, appellants filed timely notices of appeal. The trial court stayed appellants' sentences pending this appeal. Their appeals have been consolidated for this opinion.
 {¶ 7} Appellants have filed identical briefs. Their sole assignment of error states:
 {¶ 8} "THE TRIAL COURT ERRED IN OVERRULING THE MOTION TO SUPPRESS WHERE THE SEARCH WARRANT WAS INVALID SINCE THE AFFIDAVIT UPON WHICH IT WAS BASED CONTAINED STALE INFORMATION WHICH FAILED TO ESTABLISH PROBABLE CAUSE TO BELIEVE THAT THERE WAS ONGOING DRUG ACTIVITY OCCURRING AT THE PLACE TO BE SEARCHED."
 {¶ 9} Appellants argue that there was no probable cause to issue a search warrant because the information contained in the supporting affidavit was stale.
 {¶ 10} R.C. 2933.22(A) provides, "[a] warrant of search or seizure shall issue only upon probable cause, supported by oath or affirmation particularly describing the place to be searched and the property and things to be seized."
 {¶ 11} And R.C. 2933.23 states in pertinent part:
 {¶ 12} "A search warrant shall not be issued until there is filed with the judge or magistrate an affidavit that particularly describes the place to be searched, names or describes the person to be searched, and names or describes the property to be searched for and seized; that states substantially the offense in relation to the property and that the affiant believes and has good cause to believe that the property is concealed at the place or on the person; and that states the facts upon which the affiant's belief is based. The judge or magistrate may demand other and further evidence before issuing the warrant. If the judge or magistrate is satisfied that grounds for the issuance of the warrant exist or that there is probable cause to believe that they exist, he shall issue the warrant, identifying in it the property and naming or describing the person or place to be searched." See also Crim. R. 41(C).
 {¶ 13} When determining whether an affidavit submitted in support of a search warrant contains sufficient probable cause, the magistrate is to make "a practical, common-sense decision" whether, given all the circumstances set forth in the affidavit, including the "veracity" and "basis of knowledge" of the persons supplying information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. State v. George (1989), 45 Ohio St.3d 325,544 N.E.2d 640, at paragraph one of the syllabus (Illinois v. Gates [1983],462 U.S. 213, 238239, 103 S.Ct. 2317, 76 L.Ed.2d 527 followed.)
 {¶ 14} When reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant, neither the trial court nor the appellate court should substitute its judgment for the magistrate's judgment. Id. at paragraph two of the syllabus. Instead, "the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." Id. Reviewing courts should accord great deference to the magistrate's probable cause determination, and doubtful or marginal cases should be resolved in favor of upholding the warrant. Id.
 {¶ 15} Appellants argue that the affidavit submitted by Officer Napolitano was not sufficient to establish probable cause. The affidavit stated in full:
 {¶ 16} "A Confidential Informant who has provided reliable probative information concerning drug trafficking and possession informed Shadyside Police Department, Officer Chuck Doty that drug activity had been taking place in the village.
 {¶ 17} "While at a local Shadyside tavern, and or about March 9, 2005, prior to making a drug transaction an individual and Jendrusik left the tavern to Jendrusik's apartment to prepare the eighth oz bag of marijuana.
 {¶ 18} "Upon their return from Jendrusik's apartment, a marijuana sale was made by the Confidential Informant and another individual.
 {¶ 19} "Jendrusik exiting and returning to the tavern was witnessed by Shadyside Police Department."
 {¶ 20} The judge issued the warrant based on this affidavit. Appellants contend that the information contained in the affidavit was stale because it was filed 43 days after the controlled drug buy occurred. Therefore, appellants argue that the judge could not have found probable cause sufficient to issue the search warrant.
 {¶ 21} An affidavit in support of a search warrant must present timely information and include facts so closely related to the time of issuing the warrant as to justify a finding of probable cause at that time.State v. Hollis (1991), 98 Ohio App.3d 549, 554, 649 N.E.2d 11, citingState v. Jones (1991), 72 Ohio App.3d 522, 526, 595 N.E.2d 485, 488. "'While there is no arbitrary time limit on how old information can be, the alleged facts must justify the conclusion that the subject contraband is probably on the person or premises to be searched.'" Id., quoting Jones, 72 Ohio App.3d at 526. If a substantial period of time has passed between the commission of the crime and the search, the affidavit must contain facts that would lead the magistrate to believe that the evidence or contraband are still on the premises before the magistrate may issue a warrant. State v. Yanowitz (1980),67 Ohio App.2d 141, 147, 426 N.E.2d 190. In determining whether the information contained in the affidavit is stale, courts should consider such factors as (1) the character of the crime; (2) the criminal; (2) the thing to be seized, as in whether it is perishable and easily transferable or of enduring utility to its holder; (4) the place to be searched; and (5) whether the information in the affidavit relates to a single isolated incident or protracted ongoing criminal activity. State v. Prater, 12th Dist. No. CA2001-12-114, 2002-Ohio-4487, at ¶ 13.
 {¶ 22} In support of their argument that the information in the affidavit was stale, appellants point to several factors. First, they note that the transaction occurred at the tavern, not at their apartment. Second, appellants contend that marijuana, the substance which was seized, is both perishable and easily transferable. Third, appellants assert that the search warrant was granted based upon one isolated incident, not an ongoing or recurring investigation. Further, appellants' apartment was never identified as the site of ongoing drug activity. Therefore, appellants assert that the information was too stale to support a search warrant.
 {¶ 23} In response, plaintiff-appellee, the State of Ohio, relies on two cases to support its position that the 43-day-old information was not stale. First, appellee cites to Prater, 12th Dist. No. CA2001-12-114. In Prater, the police were granted a search warrant based upon information that was six months old. The affidavit stated that a confidential informant engaged in several drug transactions with the appellee's son. The appellee's son told the confidential informant that he was receiving the drugs from the appellee. The appellate court reversed the trial court's decision to suppress the evidence, finding that the information contained in the affidavit was not stale. In a similar case, the Fourth District Court of Appeals found that information in an affidavit over one year old was not stale. State v.Ridgeway (Nov. 21, 2001), 4th Dist. No. 00CA19. In Ridgeway, the court reasoned that the observation of vials and tubes in the appellant's living room could support an allegation that the appellant was engaged in an ongoing business activity. Furthermore, the court pointed out that the affidavit contained other evidence of ongoing drug manufacturing by the defendant.
 {¶ 24} Appellee argues that here, like in Prater andRidgeway, the affidavit submitted by Officer Napolitano contained information which indicated an ongoing investigation sufficient to justify the granting of the search warrant. However, contrary to appellee's assertion, the affidavit did not indicate that appellants' apartment was the subject of ongoing investigation or ongoing drug activity. Rather, the affidavit described an isolated controlled drug buy that occurred 43 days before the search warrant was issued. The case at bar is therefore distinguishable from Prater and Ridgeway. InPrater, the confidential informant engaged in several drug transactions with the appellee's son, indicating possible ongoing drug activity at the site to be searched. And in Ridgeway, the observation of vials and tubes indicated possible permanent ongoing business activity. In this case, Officer Napolitano based his affidavit on one isolated drug buy that did not even occur at the site of the search. Therefore, the affidavit did not specify any facts that indicated that appellants were engaged in ongoing drug activity or were the subject of an ongoing investigation.
 {¶ 25} In this case, the trial court did not have a substantial basis for concluding that probable cause existed to grant a search warrant. The information in the affidavit submitted by Officer Napolitano was stale. As appellants point out, the search warrant was not granted until 43 days after the controlled drug buy occurred. Although lapse of time is not enough, in itself, to deem information stale, several other factors indicate that the information in the affidavit was stale. For example, marijuana is perishable and easily transferable. Further, the controlled drug buy was not the subject of ongoing business activity or an ongoing investigation, but rather was one isolated incident. Additionally, the drug buy with the CI occurred at a bar, not at the place to be searched. And although the CI told Officer Doty that drug activity had been taking place in Shadyside, he did not specifically mention appellants' names, nor did he mention their apartment as a possible site of drug activity. Therefore, the facts that Officer Napolitano included in the affidavit did not create a substantial basis for concluding that probable cause existed to grant the search warrant. Accordingly, the search warrant was invalid and the trial court erred in denying the motions to suppress.
 {¶ 26} Accordingly, appellants' sole assignment of error has merit.
 {¶ 27} For the reasons stated above, appellants' convictions are hereby reversed and this matter is remanded to the trial court for further proceedings pursuant to law and consistent with this opinion.
Vukovich, J., concurs. DeGenaro, J., concurs.