[Cite as *State v. Morris*, 2014-Ohio-1177.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 13 MA 93 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| CLARENCE MORRIS, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Common Pleas
                             Court, Case No. 12 CR 119.

JUDGMENT:                    Affirmed.

APPEARANCES:
For Plaintiff-Appellee:      Attorney Paul J. Gains
                             Prosecuting Attorney
                             Attorney Ralph M. Rivera
                             Assistant Prosecuting Attorney
                             21 W. Boardman St., 6th Floor
                             Youngstown, OH 44503

For Defendant-Appellant:     Attorney Damian Billak
                             Creekside Professional Centre
                             Building F, Suite 100
                             6715 Tippecanoe Road
                             Canfield, OH 44406

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

                             Dated: March 20, 2014

DeGenaro, P.J.

{¶1}   Defendant-Appellant, Clarence Morris, appeals the May 21, 2013 judgment of the Mahoning County Court of Common Pleas convicting him of three counts of drug possession and sentencing him accordingly.  On appeal, Morris argues that the trial court erred by denying his motion to suppress because the affidavit upon which the search warrant was based contained information insufficient to establish probable cause that there was ongoing drug activity occurring at Morris' residence.

{¶2}   Morris' assignment of error is meritless.  The affidavit in support of the search warrant sets forth probable cause for the search; namely, that officers had conducted two controlled buys of heroin from Morris using a confidential informant during the two weeks preceding the issuance of the search warrant.  For both of the controlled buys, officers observed Morris leaving his residence, followed him to a location for the controlled buy and then followed him back to his residence.  Accordingly, the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶3}   On November 29, 2011, the Mahoning County Court of Common Pleas issued a search warrant for Morris' residence in Youngstown.  The search warrant was supported by the affidavit of Laurence McLaughlin, a Mahoning County Sherriff's Deputy assigned to the Mahoning Valley Law Enforcement Task Force.  Among other things, McLaughlin averred that he, along with other task force members, conducted two controlled drug buys from Morris, using a confidential informant, during the weeks of November 14, 2011 and November 28, 2011.  Each time, the informant, who was first searched for contraband with negative results, fitted with electronic monitoring equipment, and provided recorded funds, purchased one-half gram of heroin from Morris.  After the first controlled buy, officers followed Morris back to his residence.  Prior to the second buy, officers set up surveillance at Morris' residence.  Morris was observed leaving his residence and followed to a location for the controlled buy and then followed back to his residence.  The heroin purchased during the buys was field-tested and subsequently lab-tested with positive results.  Based on those controlled buys, along with his extensive

training and experience, McLaughlin averred he had reasonable cause to believe that the Morris' residence was being used to store and/or traffic illegal drugs.

{¶4} That same day, law enforcement officers executed the search warrant, which yielded numerous controlled substances and other contraband. As a result of the search and seizure, Morris was charged by secret indictment on February 2, 2012, with four counts: (1) having weapons while under disability (R.C. 2923.13(A)(3)), a third-degree felony; (2) possession of heroin (R.C. 2925.11(A)(C)(6)(b)), a fourth-degree felony; (3) possession of cocaine (R.C. 2925.11(A)(C)(4)(e)), a first-degree felony; and (4) possession of cocaine (R.C. 2925.11(A)(C)(4)(a)), a fifth-degree felony. The indictment also included a forfeiture specification pursuant to R.C. 2981, directed at certain sums of money, vehicles, weapons, and electronics. Morris was arrested, pled not guilty, retained counsel, waived his speedy trial rights and posted bond.

{¶5} On August 3, 2012, Morris filed a motion to suppress all evidence obtained from the search, claiming that the affidavit provided in support of the search warrant was devoid of reliable information and therefore failed to demonstrate probable cause. The search warrant and accompanying affidavit were attached to the motion to suppress. The State filed a brief in opposition. The trial court, after noting that the parties had agreed to submit the matter for decision without an oral hearing, denied the motion.

{¶6} On March 1, 2013, the trial court sustained the State's motion to amend count three of the indictment from first-degree felony cocaine possession to second-degree felony cocaine possession. (R.C. 2925.11(A)(C)(4)(d)). That same day, Morris entered a no contest plea to the charges in the indictment, as amended. Pursuant to the written plea agreement, the State agreed to recommend a four-year aggregate prison sentence and forfeiture of all items in the specification except for one vehicle to be returned to Morris' grandmother.

{¶7} On July 1, 2013, the trial court issued its sentencing entry imposing an aggregate prison term of 3 years: 36 months on count one; 18 months on count two; 3 years on count three; and 12 months on count four, all to run concurrently with one another, along with a 3-year mandatory term of post-release control.

**Validity of the Search Warrant**

{¶8}   In his sole assignment of error, Morris asserts:

{¶9}   "The trial court erred when it overruled Appellant Clarence L. Morris's motion to suppress in violation of the Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution where the search warrant was invalid since the main source of information affidavit upon which it was based [sic] contained insufficient information which failed to establish probable cause to believe there was ongoing drug activity occurring at the place to be searched."

{¶10}  R.C. 2933.22(A) provides, "[a] warrant of search or seizure shall issue only upon probable cause, supported by oath or affirmation particularly describing the place to be searched and the property and things to be seized."  R.C. 2933.23 goes on to state:

> A search warrant shall not be issued until there is filed with the judge or magistrate an affidavit that particularly describes the place to be searched, names or describes the person to be searched, and names or describes the property to be searched for and seized; that states substantially the offense in relation to the property and that the affiant believes and has good cause to believe that the property is concealed at the place or on the person; and that states the facts upon which the affiant's belief is based. * * * If the judge or magistrate is satisfied that grounds for the issuance of the warrant exist or that there is probable cause to believe that they exist, he shall issue the warrant, identifying in it the property and naming or describing the person or place to be searched.

R.C. 2933.23; *see also* Crim. R. 41(C) (describing issuance and contents of search warrants.)

{¶11}  To determine whether an affidavit submitted in support of a search warrant contains sufficient probable cause, the judge or magistrate makes "a practical, common-sense decision" whether, given all the circumstances set forth in the affidavit, including the "veracity" and "basis of knowledge" of the persons supplying hearsay information,

there is a fair probability that contraband or evidence of a crime will be found in a particular place. *State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640 (1989), at paragraph one of the syllabus (*Illinois v. Gates*, 462 U.S. 213, 238-239, 103 S.Ct. 2317, 76 L.Ed.2d 527 [1983] followed.) In addition, an affidavit in support of a search warrant must present timely information and include facts so closely related to the time of issuing the warrant as to justify a finding of probable cause at that time. *State v. Hollis*, 98 Ohio App.3d 549, 554, 649 N.E.2d 11 (1991), citing *State v. Jones*, 72 Ohio App.3d 522, 526, 595 N.E.2d 485 (1991).

{¶12} When reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant, neither the trial court nor the appellate court should substitute its judgment for the magistrate's judgment. *Id.* at paragraph two of the syllabus. Instead, "the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Id.* Reviewing courts should accord great deference to the magistrate's probable cause determination, and doubtful or marginal cases should be resolved in favor of upholding the warrant. *Id.*

{¶13} Morris first contends that the information contained in the affidavit is "bare bones" or "boilerplate" in nature. The affidavit in this case provides specific and timely facts closely related to the timing of the warrant so as to justify a finding of probable cause that illegal drug activity, i.e., trafficking or possession, was taking place at Morris' residence.

{¶14} Deputy McLaughlin averred that he, along with other task force members, conducted two controlled drug buys from Morris two weeks apart; the second transaction taking place the day before the search warrant was issued. Each time, the confidential informant was searched, fitted with electronic monitoring equipment, provided recorded funds, and purchased one-half gram of heroin from Morris. After the first buy, officers followed Morris back to his residence. Prior to the second buy, officers set up surveillance at Morris' residence. Morris was observed leaving his residence, and then followed to a location for the controlled buy and back to his residence. The heroin was field and lab-tested with positive results. Based upon those controlled buys, along with his extensive

training and experience, McLaughlin averred he had reasonable cause to believe that the Morris' residence was being used to store and/or traffic illegal drugs.

{¶15} Morris further complains that the affidavit fails to provide evidence that law enforcement corroborated information provided to them by the informant. However, it is apparent from the affidavit any information provided initially to the task force by the informant was corroborated by the controlled buys which were observed by task force members from the time Morris left his residence, made the sale and then returned to his residence.

{¶16} In sum, there was probable cause to issue the search warrant, and Morris' sole assignment of error is meritless. Accordingly, the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Waite, J., concurs.