[Cite as *State v. Harris*, 2026-Ohio-801.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 25CA36 |
| Plaintiff-Appellee, | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| v. | : | |
| Ladarius J. Harris, | : | **RELEASED 3/05/2026** |
| Defendant-Appellant. | : | |

_____
<u>APPEARANCES</u>:

Scott P. Wood, Conrad/Wood, Lancaster, Ohio, for appellant.

Alisa Turner, Ross County Assistant Prosecuting Attorney, and Jeffrey C. Marks, Ross County Prosecuting Attorney, Chillicothe, Ohio, for appellee.
_____
Hess, J.

{¶1} Ladarius J. Harris appeals the judgment of the Ross County Court of Common Pleas convicting him, following a no contest plea, of aggravated possession of drugs, aggravated trafficking in drugs, and having weapons while under disability. Harris contends that the trial court erred in denying his motion to suppress evidence from both the motel room and vehicle searches because the affidavits in support of the warrants lacked probable cause, failed to comply with Crim. R. 41(C), and were so deficient that the good faith exception is inapplicable.

{¶2} We find that the trial court had a substantial basis to believe probable cause existed when it issued the two search warrants. We overrule Harris's assignment of error and affirm the trial court's judgment.

## I.  FACTS AND PROCEDURAL HISTORY[1]

**{¶3}**   In early January 2024, law enforcement officers obtained a warrant to search the motel room where Harris was believed to be staying. The search warrant affidavit stated that South Carolina State Patrol contacted the Chillicothe Police Department (CPD) and advised officers that Harris "was wanted for a weapons possession by a felon," had been "involved in a shooting in Spartansburg, S.C[.] and is believed to have a firearm in his possession." The affidavit indicated that Harris's "phone was being 'pinged' and showed his location at Americas Best Value Inn . . . ." The affidavit further explained that officers spoke with the motel owner, and the owner confirmed that Harris had been staying in the motel room. The affidavit reported that, after confirming Harris as the occupant, officers kept the motel room under surveillance. The affidavit attested that, based upon the foregoing information, officers believed that Harris would be found in the room and be in possession of "any firearm, ammunition, firearm accessory, [or] article of firearm possession."

**{¶4}**   After officers had taken Harris into custody pursuant to the search warrant, officers also obtained a warrant to search the motor vehicle that had been parked in front of his motel room. The search warrant affidavit stated that a search of Harris's motel room uncovered evidence of narcotics, but officers did not discover a firearm inside the motel room. The affidavit thus suggested that a search of the motor vehicle would uncover

---

[1] The facts and procedural history are taken from our prior decision in *State v. Harris*, 2025-Ohio-4927, ¶ 2-12 (4th Dist.), in which we found that the trial court's judgment of conviction and sentence was not a final, appealable order because there were unresolved charges from a previous indictment. We dismissed the appeal for lack of jurisdiction. The trial court subsequently issued an entry dismissing the previous indictment and Harris refiled his appeal.

evidence of a firearm. The inventory sheet attached to the affidavit revealed that officers discovered 16 items, including drugs, ammunition, and "gun parts."[2]

{¶5}   A Ross County Grand Jury returned an indictment that charged Harris with having weapons while under disability, in violation of R.C. 2923.13, a third-degree felony. Several weeks later a Ross County Grand Jury returned a second indictment that charged Harris with (1) aggravated drug possession, in violation of R.C. 2925.11, a first-degree felony, with a major drug offender specification; (2) aggravated drug trafficking, in violation of R.C. 2925.03, a first-degree felony; and (3) having weapons while under disability, in violation of R.C. 2923.13(A)(3), a third-degree felony.

{¶6}   Harris filed a motion to suppress the evidence that law enforcement officers discovered when they executed the search warrants upon the motel room and motor vehicle. He asserted that probable cause did not exist to issue the search warrants. More specifically, he claimed that the search warrant for the motel room was defective for the following reasons: (1) "neither the affidavit nor the search warrant identified the criminal offenses" that he allegedly committed; (2) the affidavit did not include any dates "regarding when [Harris] allegedly committed any offense in South Carolina," or when Chillicothe police were "contacted by South Carolina"; (3) the search warrant and affidavit lacked a "factual basis that [Harris] was still in possession of a firearm" or that "the firearm would be located in the hotel room."

---

[2] The record before this court is limited due to the nature of appellant's motion to suppress evidence. Appellant did not submit any testimony from the officers who obtained or executed the search warrant. Instead, he informed the trial court that his motion was limited to the "four corners" of the search warrant. Thus, we likewise are limited to the four corners of the search warrant and have listed only the items from the inventory sheet that are completely legible.

**{¶7}** Harris contended that the search warrant for the motor vehicle was defective because it (1) did not list any dates "regarding when [he] allegedly committed any offense in South Carolina," or "when the CPD was contacted by South Carolina," and (2) lacked a "factual basis why the firearm or any drugs would be located in the motor vehicle."

**{¶8}** The trial court held a hearing to consider the motion to suppress evidence. At the hearing, Harris stated that he would not be presenting any witnesses. Instead, he indicated that the court should consider the "four corners" of the search warrants to determine whether they established probable cause to search the motel room and the motor vehicle.

**{¶9}** The trial court overruled Harris's motion to suppress. The court recognized that the search warrant affidavit for the motel room did not cite a specific criminal statute. Instead, the affidavit stated that appellant "was wanted for 'weapons possession by a felon,' had an 'active warrant within extradition radius,' and was 'believed to have a firearm in his possession.' " The court concluded that this information "substantially stated an offense in relation to the warrant." The trial court also found that the affidavit "set for[th] a factual basis for the affiant's belief that [Harris], and potentially a firearm, would be located in the hotel room to be searched." The court likewise concluded that the second search warrant was valid.

**{¶10}** Harris entered no contest pleas to the three counts of the second indictment, which preserved his right to appeal the denial of his motion to suppress under Crim.R. 12(I).  In exchange for his pleas, the State agreed to amend counts one and two

of the indictment to charge a "regular F1" and to "dismiss the specification on [count] one." The court found Harris guilty of each offense.

**{¶11}** Before imposing the sentence, the court observed that the State asked the court to (1) amend counts one and two of the indictment to charge that the weight of the drug was 50 times the bulk amount, but less than 100 times the bulk amount, and (2) dismiss the specification attached to count one. The court granted the State's request to amend the indictment and to dismiss the specification. The court recited that the State "amended the indictment as to Counts One and Two." The court thus found Harris "[g]uilty as charged in the amended indictment."

**{¶12}** The trial court noted that counts one and two of the indictment merged, and the State elected to proceed to sentencing on count one, aggravated drug possession. The court sentenced Harris to a mandatory minimum prison term of 9 years to a maximum indefinite term of 13.5 years for aggravated drug possession. The court also sentenced him to serve a 24-month prison term for the offense of having weapons while under disability, with the prison terms to be served concurrently to one another.

**{¶13}** Harris appealed but we dismissed the appeal for lack of a final, appealable order due to the hanging charge from the first indictment. *State v. Harris*, 2025-Ohio-4927 (4th Dist.). Following the dismissal, the trial court dismissed the first indictment, which properly terminated the hanging charge and finalized his judgment of conviction and sentence. Harris refiled his appeal.

## II.  ASSIGNMENT OF ERROR

**{¶14}** Harris presents one assignment of error:

The trial court erred in overruling appellant's motion to suppress evidence obtained against him as a result of a search warrant.

### III.  LEGAL ANALYSIS

{¶15}  Harris contends that the trial court erred in denying his motion to suppress evidence obtained from the search of his motel room because the affidavit lacked sufficient probable cause, failed to specify the alleged criminal offenses, omitted dates, and provided no factual basis to believe a firearm or other contraband would be found in the motel room.  He further contends that the trial court erred in denying his motion to suppress evidence from the search of his motor vehicle because that affidavit also lacked sufficient probable cause, omitted dates, provided no factual basis to believe firearms or drugs would be found in his vehicle, and used evidence that would be "fruit of the poisonous tree." Finally, he contends that the good faith exception to the exclusionary rule does not apply because the affidavits were so lacking in indicia of probable cause that no reasonable officer could have relied upon the warrants in good faith.

{¶16}  The State argues that there was an active arrest warrant for Harris at the time the search warrant was sought. Thus, the request for a search warrant for the motel room was not strictly necessary because, for contraband in plain view during an arrest, a warrant is not necessary. Moreover, the search warrant for the motel room complied with Crim.R. 41(C), which requires the affidavit "state substantially the offense." The affidavit stated that the offense was "weapon while under disability" and "alleged involvement in a recent shooting incident." The State further argues that the search warrant contained sufficient facts to believe Harris would be found in the motel room and that contraband would be found with him. The affidavit was supported with real time observations that Harris had an active warrant for his arrest, that the "recent" shooting was in Spartanburg, South Carolina, and that South Carolina law enforcement were actively seeking to locate

and apprehend Harris as evidenced by the tracking of his cell phone and their stated belief he was armed. Thus, the urgency of the situation could be inferred from the facts in the affidavit even though it did not include specific dates. The State makes similar arguments with respect to the affidavit for the search warrant for Harris's vehicle.

### A. Standard of Review

**{¶17}** Appellate review of a trial court's ruling on a motion to suppress evidence involves a mixed question of law and fact. *State v. Castagnola*, 2015-Ohio-1565, ¶ 32; *State v. Burnside*, 2003-Ohio-5372, ¶ 8. Appellate courts thus " 'must accept the trial court's findings of fact if they are supported by competent, credible evidence.' " *State v. Leak*, 2016-Ohio-154, ¶ 12, quoting *Burnside* at ¶ 8. Accepting those facts as true, reviewing courts " 'independently determine as a matter of law, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.' " *Id.,* quoting *Burnside* at ¶ 8; *State v. Thompson*, 2021-Ohio-3390, ¶ 20 (4th Dist.).

**{¶18}** A court that is reviewing a challenge to a probable-cause determination in a search warrant must "accord great deference to the magistrate's" probable-cause determination and must resolve "doubtful or marginal cases" "in favor of upholding the warrant." *State v. George*, 45 Ohio St.3d 325 (1989), paragraph two of the syllabus. Any "after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review." *Illinois v. Gates*, 462 U.S. 213, 236, (1983). Instead, a reviewing court's duty "is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Id.; State v. Hobbs,* 2018-Ohio-4059, ¶ 27 (4th Dist.). "Thus, even though the existence of probable cause is a legal question to be determined on the historical facts presented, a warrant should be upheld when the issuing judicial officer

had a substantial basis for believing that probable cause existed, regardless of what the reviewing court's independent determination regarding probable cause might be." (Citation omitted.) *State v. Schubert*, 2022-Ohio-4604, ¶ 11.

### B. Search Warrant Requirements

**{¶19}** A search warrant may only be issued (1) upon probable cause, (2) supported by oath or affirmation, and (3) particularly describing the place to be searched and the person and/or things to be seized. *Thompson* at ¶ 24. R.C. 2933.23 provides in relevant part:

> A search warrant shall not be issued until there is filed with the judge or magistrate an affidavit that particularly describes the place to be searched, names or describes the person to be searched, and names or describes the property to be searched for and seized; that states substantially the offense in relation to the property and that the affiant believes and has good cause to believe that the property is concealed at the place or on the person; and that states the facts upon which the affiant's belief is based.

And Crim.R. 41(C)(1) states:

> In the case of a search warrant, the affidavit shall name or describe the person to be searched or particularly describe the place to be searched, name or describe the property to be searched for and seized, state substantially the offense in relation thereto, and state the factual basis for the affiant's belief that such property is there located.

**{¶20}** The facts and circumstances set forth in the affidavit "must provide the magistrate with a substantial basis for determining the existence of probable cause." *Illinois v. Gates*, 462 U.S. at 239. Affidavits should be interpreted in a common sense, rather than a hyper-technical manner. *Id.* at 235. Under the totality-of-the-circumstances test:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or

evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed.

(Brackets in original) *Gates* at 238-239. The "fair probability" standard applicable to the magistrate's or trial court's probable cause determination means "only the probability, and not a prima facia showing of criminal activity is the standard of probable cause." *State v. George*, 45 Ohio St.3d 325, 329 (1989), citing *Illinois v. Gates, supra*; *State v. Thompson*, 2021-Ohio-3390, ¶ 24-27 (4th Dist.).

## C. The Search Warrant Affidavits

### 1. The Motel Room

**{¶21}** Harris contends that the search warrant affidavit for the motel room was constitutionally defective because (1) it failed to identify a criminal offense; (2) it lacked specific dates; (3) there was no factual basis connecting contraband to the motel room; and (4) there was an insufficient nexus to the motel room.

**{¶22}** The motel room affidavit identified Harris by social security number and date of birth and stated that there was good cause to believe he possessed "any firearm, ammunition, firearm accessory, article of firearm possession" and he was in room 70 at the Americas Best Value Inn motel. It further stated that the CPD had been contacted by the South Carolina State Patrol about Harris and was informed that he was wanted for weapons possession by a felon and it was an active warrant within the extradition radius. It stated, "Harris was involved in a shooting incident in Spartansburg S.C. and is believed to have a firearm in his possession." The affiant stated that CPD learned that Harris's phone was being "pinged" and showed his location to be the Americas Best Value Inn in Chillicothe, Ohio. The affiant further stated that based on the information provided by the

South Carolina State Patrol, the area was patrolled, and a Nissan with a South Carolina plate was in front of room 70 and registered to a person with the last name "Harris." The affiant then contacted the motel owner and showed him a photograph of Harris. The motel owner confirmed that Harris was in room 70 and undercover police began surveillance.

**{¶23}** The affiant stated:

Affiant believes that a search of this room will uncover Ladarius Harris. As Harris has an active warrant within extradition for having a weapon while under disability, and his alleged involvement in a recent shooting incident, Affiant believes a search of this room will uncover evidence of weapons, ammunition, and articles related to weapons violations.

**{¶24}** At the hearing, Harris withdrew any challenge to the scope of the affidavit and limited the presentation of his evidence to the four corners of the affidavit. The trial court determined that even though there were no dates specified in the affidavit, the search warrant was issued for the purpose of apprehending a fugitive with an active warrant within the extradition area for the alleged offense of weapons possession by a felon. The trial court found that the affidavit substantially stated the criminal offense of having weapons under disability under R.C. 2929.13(A)(1), even though the Ohio Revised Code section was not included. The affidavit included information that Harris's phone was pinged in the motel area and officers confirmed Harris occupied room 70. The trial court found that "there was ample probable cause in the search warrant to allow the search of the hotel room."

**{¶25}** We agree with the trial court's findings. First, we reject Harris's argument that the affidavit violated Crim.R. 41(C) because the statutory sections from the Ohio Revised Code were not included in the affidavit. He also claims the affidavit lacked specificity as to how a weapons possession by a felon offense links up with motel room

70. Crim.R. 41(C) does not require the affidavit to include specific code sections. It requires that the affidavit "state substantially the offense in relation thereto, and state the factual basis for the affiant's belief that such property is there located." The trial court correctly found that the offense was substantially stated as it states that "Harris has an active warrant within extradition for having a weapon while under disability." It further states that Harris was recently involved in a shooting and was tracked via cell phone data to be at a motel in Chillicothe, Ohio. The motel owner and subsequent police surveillance placed Harris in motel room 70. Therefore, the affidavit complied with Crim.R. 41(C) when it stated that, based on those facts, the affiant had good cause to believe that Harris (a felon with an active arrest warrant) and a firearm, ammunition, or firearm assessor would be in room 70.

{¶26} The case Harris cites in support of his contention that Crim.R. 41(C) was violated does not lend such support. In *State v. Wilmoth*, 22 Ohio St.3d 251 (1986), the police failed to follow the procedure set forth in Crim.R. 41(C) when they obtained a search warrant without submitting a written affidavit. *Id.* at 262. The Court held that this was a "'technical' violation" of Crim.R. 41(C), "not a violation of constitutional magnitude." *Id.* at 264. Two officers gave oral testimony which indicated that there was sufficient evidence provided to the magistrate to make a probable cause determination. *Id.* The Court also found that an error in the magistrate's verb tense when administering the officers' oath "does not require this court to find that the oath was constitutionally infirm." *Id.* And, even if either of those two infirmities were constitutional in magnitude, the Court held that the good faith exception to the exclusionary rule would apply. *Id.* Here, the failure to list the Ohio Revised Code Section for the criminal offense is not even a "technical

violation" of Crim.R. 41(C). Thus, the analysis in *Wilmoth* is not applicable and, if it were, would not support Harris's position.

**{¶27}** We also reject Harris's argument that the affidavit was stale because it lacked specific dates. The affidavit, while not including dates, does not suffer from staleness as Harris contends. "[I]t is manifest that the proof must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time." *Sgro v. United States,* 287 U.S. 206, 210–11 (1932). "Whether the proof meets this test must be determined by the circumstances of each case." *Id.* Here we find that the trial judge made "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him" that there was a fair probability that contraband or evidence of a crime will be found in a particular place. *State v. George*, 45 Ohio St.3d 325 (1989), paragraph one of the syllabus.

**{¶28}** The CPD was contacted by South Carolina State Patrol and informed that Harris was a fugitive recently involved in a shooting incident and that there was an active arrest warrant out for him. Harris's phone was pinged at a motel in Chillicothe and the motel owner confirmed Harris was in room 70. While there is no arbitrary time limit on how old information can be, the trial court here could reasonably infer that Harris was actively on the run from the South Carolina law enforcement officials, who were tracking his movements via his cell phone location data in real time. The facts set forth in the affidavit convey an urgency of active pursuit.

**{¶29}** *State v. Jones*, the case Harris cites to support his staleness argument, is distinguishable. In *Jones* the affidavit included specific dates in October 1988 about drug activity that purportedly occurred at Jones's residence. However, the search warrant was

issued and executed in January 1989, three months later and was based upon an anonymous citizen's vague statement to law enforcement that Jones was "dealing cocaine from her home." *State v. Jones*, 72 Ohio App.3d 522, 526 (6th Dist. 1991). The trial court sustained Jones's motion to suppress evidence from the search warrant and the Sixth District Court of Appeals affirmed. The appellate court found that the affidavit provided factual information from three months prior to the search, but did not "establish a pattern of conduct or indicate an ongoing investigation that would justify granting a warrant to search based on old information." *Id.* at 526. Moreover, the appellate court found that the affidavit "was totally void of *facts* which would tie Diane Jones to the alleged drug activity." (Emphasis in original) *Id*. at 528.

**{¶30}** To the contrary, here based on the totality of the circumstances, there was a fair probability that a weapon would be found with Harris. The facts in the affidavit established that Harris was a fugitive with an active arrest warrant involved in a recent shooting in South Carolina and was being actively tracked via his cell phone by South Carolina law enforcement. It is a practical and common-sense decision to conclude that a weapon would be located inside motel room 70 where Harris was known to be. To conclude otherwise would require a hyper-technical interpretation of the affidavit.

**{¶31}** Similarly, we reject Harris's argument that there was no factual basis connecting the weapon to the motel room and an insufficient nexus between the motel room and the alleged criminal activity. Harris was the resident of room 70, as confirmed by the facts in the affidavit based on statements by the motel owner and subsequent police surveillance. The affiant was informed by the South Carolina State Patrol, a reliable and identifiable source, that Harris was a felon recently involved in a shooting incident

and was tracked to the Americas Best Value Inn by cell phone data. There was an active warrant for Harris's arrest. These were sufficient facts to believe that Harris would be located inside the room and that he would have in his possession the weapon he used in the recent shooting incident in South Carolina. For those same reasons, there was likewise a significant nexus between the motel room and the criminal activity of having weapons while under disability.

{¶32} We reject Harris's arguments and find that the trial court had a substantial basis for believing that probable cause existed when it issued the search warrant for Americas Best Value Inn motel room 70.

### 2. The Motor Vehicle

{¶33} Harris contends that the second search warrant for the search of the motor vehicle associated with Harris suffers from similar deficiencies. He makes the same arguments he did against the motel room affidavit: that the warrant has no critical dates, there was no factual basis or nexus between the possession of firearms and the vehicle, and there was no specificity of the criminal offenses. He also contends that the second warrant was tainted by the unconstitutional motel room search – fruit of the poisonous tree. However, because we find that the motel room search was made pursuant to a valid search warrant, we reject his contention that the motor vehicle warrant was "tainted" by the motel room search.

{¶34} The affidavit supporting the warrant for the motor vehicle search was made a day after the motel room affidavit and included additional information. It restated the information from the previous affidavit and additionally stated that a red Nissan with South Carolina plates was parked in front of motel room 70 and was registered to a relative of

Harris. Harris had been taken into custody and an individual who was with Harris at the time he was apprehended stated that she knew Harris had a firearm but was unsure of where it might be. The affidavit stated that room 70 was searched and no firearm was located, but items related to narcotics and suspected narcotics were found in the room. The affiant viewed the motor vehicle, and an outside inspection showed that there were personal belongings inside the vehicle. The affiant stated that based on this, he believed a search of the vehicle would uncover evidence of a firearm. The criminal offenses were identified as "having weapons while under disability" and "possession of controlled substances" and include the relevant statutory code section, R.C. 2923.13 (weapons under disability) and R.C. 2925.11 (drug possession offenses).

**{¶35}** The trial court rejected Harris's arguments and found that "the additional information the officers received after searching the hotel room provided additional probable cause to search that vehicle."  Likewise, we reject Harris's arguments on the same grounds that we rejected them for the motel room affidavit. Here, though not required, the affidavit included statutory code sections of the criminal offenses, and there were sufficient facts connecting the offense to Harris and the vehicle he was driving. Evidence of criminal activity in Harris's motel room meant that there was a fair probability that the firearm or other contraband would be found in his motor vehicle. We find that the trial court had a substantial basis for believing that probable cause existed when it issued the search warrant for the motor vehicle.

**{¶36}** The trial court had a substantial basis to believe that probable cause existed when it issued the two search warrants. Therefore, the searches were constitutional, and

the trial court did not err when it denied Harris's motion to suppress evidence from those searches.

{¶37} Because we find that there was probable cause to issue the warrants, the exclusionary rule, which would exclude evidence if there were not probable cause for the warrants, is not applicable. The good faith exception to the exclusionary rule allows the use of the evidence where law enforcement's conduct was objectively reasonable. Because the exclusionary rule is not applicable, any analysis of whether a good faith exception to it exists is likewise inapplicable. Thus, we need not consider Harris's argument that the good faith exception does not apply because this argument is moot.

## IV. CONCLUSION

{¶38} We overrule the assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Wilkin, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
     Michael D. Hess, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 22, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**